Christopher K. Eppich (SBN 228025)
ceppich@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4764

Emily Ullman
D.C. Bar No. 1001677; N.Y. Bar No. 4868683
(*pro hac vice application forthcoming*)
eullman@cov.com
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 778-6000

*Counsel for Defendant Procter & Gamble Co.*

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAYLIA DONNA QUINN, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>PROCTOR & GAMBLE CO.; WAL-MART STORES, INC.; TARGET CORPORATION; and DOES 1-100, Inclusive,<br><br>    Defendants. | Civil Case No.: **'24CV0856 BAS SBC**<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Procter & Gamble Co. ("P&G") hereby removes the above-captioned action from the Superior Court of the State of California, County of San Diego, Central Division (where this action bore the case number 37-2023-00049034-CU-PO-CTL), to the United States District Court for the Southern District of California.[1]  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d) and 1441.  All Defendants consent to removal.

In further support of this Notice of Removal, P&G states as follows:

## PROCEDURAL HISTORY

1. On November 9, 2023, Plaintiff Thaylia Donna Quinn ("Plaintiff") filed the removed case, *Quinn v. Proctor & Gamble Co., et al.*, Case No. 37-2023-00049034-CU-PO-CTL, in the Superior Court of the State of California, County of San Diego, Central Division, which is within the jurisdiction and venue of the United States District Court for the Southern District of California.

2. A true and correct copy of the state court complaint ("Complaint") is attached as **Exhibit A**.

3. A true and correct copy of the Summons that issued is attached as **Exhibit B**.

4. A true and correct copy of the complete record in this action in the Superior Court of the State of California, County of San Diego, Central Division, as of May 15, 2024, is attached as **Exhibit C**.

5. Exhibits A–C constitute all the process, pleadings, and orders that are available from the public state court record in connection with Case No. 37-2023-00049034-CU-PO-CTL, in the Superior Court of the State of California, County of San Diego, Central Division, as of the date of this removal notice.

---

[1] P&G is incorrectly named as "Proctor & Gamble Co.," rather than "Procter & Gamble Co.," in Plaintiff's case caption in the state court action.

## NATURE OF THE REMOVED ACTION

6. Plaintiff alleges she resides in Murrieta, Riverside County, California. Compl. ¶ 20.

7. No named Defendant is a California citizen.

8. Defendant Procter & Gamble Co. was, at the time the complaint was filed, and still is, an Ohio corporation with its principal place of business in Cincinnati, Ohio. *Id.* ¶ 21.

9. Defendant Wal-Mart Stores, Inc. ("Walmart") was, at the time the complaint was filed, and still is, a Delaware corporation with its principal place of business in Bentonville, Arkansas. *Id.* ¶ 22.

10. Defendant Target Corporation ("Target") was, at the time the complaint was filed, and still is, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota. *Id.* ¶ 23.

11. Plaintiff names 1–100 "Doe" defendants in the case caption. But Plaintiff does not identify or make any allegations whatsoever regarding these unnamed defendants in the Complaint. She does not, for example, make any specific allegations about the citizenship of the Doe defendants or their relationship to the allegations in the Complaint.

12. Plaintiff alleges that she was diagnosed with Chronic Lymphocytic Leukemia ("CLL") on November 12, 2021. *Id.* ¶ 20. CLL "is a type of cancer of the blood and bone marrow." *Id.*

13. Plaintiff alleges that she "used P&G's personal care products for decades." *Id.* ¶ 6. Plaintiff further alleges that the products contained benzene, which she describes as a "known human carcinogen." *Id.* ¶ 4.

14. According to Plaintiff, she contracted CLL as a result of her exposure to benzene contained in the P&G products she used. *Id.* ¶¶ 6, 73, 82, 100. Plaintiff alleges that CLL "is a known side effect of benzene exposure." *Id.* ¶ 20.

15. Plaintiff brings product liability claims against P&G for negligence, *id.* ¶¶ 66–73, strict liability – failure to warn, *id.* ¶¶ 74–82, strict liability – design defect, *id.* ¶¶ 83–

88, strict liability – manufacturing defect, *id.* ¶¶ 89–94, breach of implied warranty of merchantability, *id.* ¶¶ 95–100, and fraudulent concealment, *id.* ¶¶ 101–110.

16.   Plaintiff seeks "noneconomic pain, suffering, and inconvenience damages past, present and future" and "economic damages for past and future medical expenses," *id.* ¶ 13 & Prayer for Relief, as well as "interest upon any judgment entered" and "costs of suit." *Id.* at Prayer for Relief.

## VENUE

17.   This Court is the proper venue to which to remove this action under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing San Diego County, California, the location where the state court case was pending.

## REMOVAL IS TIMELY

18.   Plaintiff served her Complaint on Defendant P&G on April 18, 2024. A true and correct copy of the Service of Process Transmittal Summary for Defendant P&G is attached as **Exhibit D**.

19.   Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed on May 15, 2024, which is within 30 days of service of the Complaint on P&G. *See Kimbler v. Dexcom, Inc.*, 2023 WL 8604154, at *2 (S.D. Cal. Dec. 11, 2023) ("[A] defendant's 30-day deadline to remove a case does not start running until formal service of the complaint." (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999))).

20.   All Defendants "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  Moreover, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C).

## BASIS FOR REMOVAL

21. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441.

### A. Diversity of Citizenship

22. There is complete diversity of citizenship.

23. Plaintiff is a citizen of California. *See* Compl. ¶ 20 (alleging that Plaintiff "at all times relevant hereto has been a resident of" California); *Rivera v. Wachovia Bank*, 2009 WL 1396403, at *2 (S.D. Cal. May 18, 2009) ("Plaintiff identifies himself as a resident of the State of California. For diversity purposes, Plaintiff is therefore a California citizen." (quotation omitted)); *see also Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) ("[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." (quotation omitted)).

24. None of the named Defendants are citizens of California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

25. Defendant P&G is an Ohio citizen because P&G is incorporated in Ohio and has its principal places of business there. Compl. ¶ 21 (alleging that P&G is an Ohio corporation with its principal places of business in Ohio).

26. Defendant Walmart is a citizen of Delaware and Arkansas because Walmart is incorporated in Delaware and has its principal place of business in Arkansas. *Id.* ¶ 22.

27. Defendant Target is a Minnesota citizen because Target is incorporated in Minnesota and has its principal place of business there. *Id.* ¶ 23.

28. Thus, because Plaintiff is a California citizen and the Defendants are citizens of Ohio, Delaware, Arkansas, and Minnesota, the parties are completely diverse. *See* 28 U.S.C. § 1332(a)(1), (c)(1).

29. Plaintiff's attempt to name Doe defendants does not change the analysis with respect to diversity jurisdiction or removal. *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Rojas ex rel. Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[C]ourts should disregard the citizenship of fictious defendants when evaluating whether diversity jurisdiction exists . . . .").

B. **Amount in Controversy**

30. The amount in controversy exceeds $75,000.

31. To satisfy the amount-in-controversy requirement with a notice of removal, the defendant needs to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

32. Here, although Plaintiff does not specify the amount of damages she seeks, her requested damages clearly exceed $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."); *see also Gritman Med. Ctr., Inc. v. Allscripts Healthcare Sols., Inc.*, 2023 WL 1389374, at *2 (D. Idaho Jan. 30, 2023) ("[A] litigant who seeks to recover over $75,000 cannot duck the jurisdictional threshold simply by couching his claims in vague terms.").

33. Plaintiff alleges that P&G's products caused her blood and bone marrow cancer: "serious injuries" for which she "seeks to hold P&G accountable." Compl. ¶¶ 6, 82, 110. Plaintiff "seeks noneconomic pain, suffering, and inconvenience damages," as well as "economic damages for past and future medical expenses." *Id.* ¶ 13 & Prayer for Relief. Plaintiff characterizes her medical expenses as "significant" and alleges that they are "beyond the [$25,000] jurisdictional minimum" of the state court. *Id.* ¶¶ 87, 93 &

Prayer for Relief. The compensatory damages Plaintiff seeks for "past and future" medical expenses as well as noneconomic pain and suffering damages are sufficient to plausibly satisfy the federal jurisdictional minimum. *See, e.g., Hammarlund v. C.R. Bard, Inc.*, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) ("In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." (collecting cases)); *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding the amount in controversy satisfied in product liability action where plaintiff alleged economic loss, medical and health expenses, and claimed "serious and life-threatening medical conditions"); *Brooks v. Sanofi, S.A.*, 2020 WL 1847682, at *4 (D. Nev. Apr. 13, 2020) (finding the amount-in-controversy requirement met based in part on the anticipated cost for treatment of plaintiff's bladder and kidney cancer); *see also Foreman v. Procter & Gamble Co.*, 2023 WL 5957166, at *2 (W.D. La. Aug. 24, 2023) (denying motion to remand where plaintiffs alleged that decedent's multiple myeloma was caused by P&G's aerosol deodorant, and noting that "there is no dispute that the amount in controversy requirement is satisfied"), *report and recommendation adopted*, 2023 WL 5938800 (W.D. La. Sept. 12, 2023).

34. Additionally, Plaintiff seeks "injunctive relief and restitution for the full purchase price" of the alleged products, *id.* ¶ 12, further increasing the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include . . . the cost of complying with an injunction . . . ." (quotation omitted)).

35. Plaintiff's state court civil case cover sheet specified that her case seeks an amount in excess of $25,000, Ex. C at 47, and the Complaint confirms the same, Compl. at Prayer for Relief (seeking damages "beyond the jurisdictional minimum of this Court," *i.e.*, beyond the $25,000 jurisdictional minimum in the Superior Court of California).

36. Plaintiff has not pleaded that the amount in controversy is less than $75,000, which is unsurprising given the nature of her claims. *See Kitchens v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 9510711, at *3 (D. Nev. Oct. 19, 2023) ("Notably, plaintiff has never

affirmatively stated that she is seeking less than $75,000 in connection with this lawsuit. If she wanted to avoid litigating her claim in federal court, she could simply confirm in writing that she would not seek in excess of $75,000." (quotation omitted)).

37. Based on the allegations of the Complaint, legal precedent, and Plaintiff's failure to plead that her damages are less than the amount required for federal jurisdiction, P&G has demonstrated that the amount in controversy in this action exceeds $75,000.

## NOTICE TO ADVERSE PARTY AND STATE COURT

38. Pursuant to 28 U.S.C. § 1446(d), P&G will serve written notice of removal of this case on Plaintiff's counsel by mail and by email at the following addresses:

Raymond P. Boucher
Alexander Gamez
Michael Gorelik
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367-4903
(818) 340-5400
ray@boucher.la
gamez@boucher.la
gorelik@boucher.la

39. Pursuant to 28 U.S.C. § 1446(d), P&G will promptly file a notice of this removal filing with the Clerk of the Superior Court of the State of California, County of San Diego, Central Division.

40. P&G will promptly file with this Court proof of having filed this Notice of Removal with the clerk of the state court and having served it on all adverse parties.

## CONCLUSION

41. Any recitation of Plaintiff's allegations in this Notice is not a concession that Plaintiff's allegations or legal theories have merit. P&G reserves the right to assert all applicable defenses in this matter and denies that Plaintiff is entitled to any relief. By removing this matter, P&G does not waive and reserves any rights it may have, including,

without limitation, all available arguments and affirmative defenses. P&G does not concede that Plaintiff is entitled to any recovery whatsoever.

42. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, P&G hereby removes the above-captioned action from the Superior Court of the State of California, County of San Diego, Central Division, to the Southern District of California.

Dated: May 15, 2024

Respectfully submitted,

/s/ *Christopher K. Eppich*
Christopher K. Eppich (SBN 228025)
ceppich@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4764

Emily Ullman
D.C. Bar No. 1001677; N.Y. Bar No. 4868683
(*pro hac vice application forthcoming*)
eullman@cov.com
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 778-6000

*Counsel for Defendant Procter & Gamble Co.*

## PROOF OF SERVICE

I certify that on May 15, 2024, I caused the foregoing **NOTICE OF REMOVAL** to be served by email and mailed via FedEx on the following counsel for Plaintiff:

Raymond P. Boucher
Alexander Gamez
Michael Gorelik
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367-4903
(818) 340-5400
ray@boucher.la
gamez@boucher.la
gorelik@boucher.la

                                       /s/ *Christopher K. Eppich*
                                       Christopher K. Eppich (SBN 228025)